IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LONNIE and FRANKIA TREAT                                                    PLAINTIFFS

      v.                                      Civil No. 06-5140

TAMI LYNN CHAMPLIN, KIESHA
LYNN TREAT, and KATHY VAUGHN                                              DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiffs Lonnie and Frankia Treat, Springdale, Arkansas residents, bring this pro se action titled a "Petition to Set Aside Order Obtained by Extortion and Payment for Damages Cause by Mental Cruelty also the Deinal [sic] of Grandparents [sic] Rights to Visit and Get to Know Their Grandchild." (Doc. 1.) The Treats name as defendants Tami Lynn Champlin and Kiesha Lynn Treat, both residents of Hindsville, Arkansas, and Kathy Vaughn of Springdale, Arkansas.

The court granted plaintiffs' motions to proceed in forma pauperis (Docs. 2-4). It is now determined whether the complaint should be served on the defendants.

### **I. Background**

In the complaint, the plaintiffs allege the following. In 1980, Kathy Vaughn "persuaded" plaintiffs' son, Joel Treat ("Joel"), to move in with, and later marry, her. In 1985, Joel adopted three of Vaughn's children from previous marriages. One of the adopted children was Tami Lynn Champlin. Sometime between 1985 and 1987, Joel and Vaughn divorced. Joel continued to pay child support for the adopted children.

In April 1987, after the divorce from Vaughn, Joel had sexual intercourse with Champlin,

his adopted daughter. According to the plaintiffs, Joel admits that "Champlin did come to his apartment . . . and force herself on him." Six years later, Champlin, with Vaughn's encouragement, contacted Joel and informed him that he was the father of Kiesha Lynn Treat ("Kiesha"). Joel agreed that he would to pay child support but only after a paternity test confirmed he was Kiesha's father. Champlin then refused to have the paternity test and told Joel that he was not the father of Kiesha.

In September 2004, Champlin, through an attorney, contacted Joel, informed him that he was Kiesha's father, and demanded $250,000. A DNA test was performed on September 24, 2004; this test could not rule out Joel as Kiesha's father. On September 20, 2005, Champlin and Kiesha filed a state court action against Joel. The plaintiffs allege that through this action, the defendants

> did slander Joel L. Treat causing him great mental stress and his entire families [sic] name. Causing them all especially Joel L. Treat [d]efamation, [l]ibel and [s]lander to the point that it scared him into going along with what the lawyer advised, even though he had done nothing wrong. [T]he whole family felt threatened. Plaintiff[s] Frankia Treat and Lonnie Treat have suffered [g]reat mental stress, because of

the defendants. The plaintiffs also allege that the defendants and their attorney committed extortion against Joel Treat.

Finally, the plaintiffs allege that defendants have committed the tort of intentional infliction of emotional distress (IIED) by neglecting to inform the plaintiffs that they had a granddaughter and denying them the opportunity to establish a relationship with that granddaughter. Plaintiff Frankia Treat claims that she will require counseling to overcome the "distress, mental anguish, and emotional stress" caused by the defendants.

## II. Discussion

Although the plaintiffs contend that this court "has General Jurisdiction and authority to decide this matter and apply full range of judicial remedy and relief," this is simply not true. Federal district courts have original jurisdiction over civil actions arising under the United States Constitution, laws, or treatises; or in civil actions where the amount in controversy exceeds $75,000 and there is a diversity of citizenship among the parties. *See* 28 U.S.C. §§ 1331-1332; Fed. R. Civ. P. 8(a)(1) (pleading which sets forth claim for relief shall contain short plain statement of grounds for court's jurisdiction).

The plaintiffs contend that the defendants have committed against them the state tort of intentional infliction of emotional distress, or as it is known in Arkansas, the tort of outrage. This not a violation of a United States law or the United States Constitution. Therefore, no federal question is presented by this claim. Furthermore, all parties are citizens of the State of Arkansas. Thus, jurisdiction may not be founded on diversity grounds.

Furthermore, plaintiffs are trying to raise claims of defamation, libel, slander, and extortion on behalf of their grown son, Joel Treat. The plaintiffs do not have standing to do this. *See Powers v. Ohio*, 499 U.S. 400, 410-411, 111 S. Ct. 1364, 113 L. Ed. 2d 411 (1991) (generally, litigant must assert his or her own legal rights and interests, and cannot rest claim to relief on legal rights or interests of third parties; subject to certain narrow exceptions).

Therefore, this court lacks subject matter jurisdiction over the plaintiff's civil action and this case should be dismissed without prejudice. *See Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993) (lack of subject matter jurisdiction cannot be waived, and may be raised sua sponte by the court at any time); *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121,

AO72A
(Rev. 8/82)

123-24 (2d Cir. 1999) (Article III prevents federal courts from dismissing case with prejudice where subject matter jurisdiction is lacking).

### III.  Conclusion

The plaintiff's complaint should be dismissed prior to service for lack of subject matter jurisdiction.

**Plaintiffs have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  Plaintiffs are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of August 2006.

                                               **/s/ Beverly Stites Jones**

                                               _____
                                               HON. BEVERLY STITES JONES
                                               UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**